IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARCHIBALD ROBINSON, | CIVIL ACTION NO. 1:09-CV-00637 |
| Petitioner | (Judge Caldwell) |
| v. | (Magistrate Judge Blewitt) |
| DISTRICT DIRECTOR for ICE, DHS, | |
| Respondents | |

## REPORT AND RECOMMENDATION

On April 8, 2009, Petitioner, Archibald Robinson, an inmate at the York County Prison, York, Pennsylvania, filed, *pro se*, a lengthy, 24-page typed Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by the United States Bureau of Immigration and Customs Enforcement ("BICE") and also challenging the sufficiency of his Post Order Custody Review ("POCR"). (Doc. 1). Petitioner also filed a motion to proceed *in forma pauperis*, which was granted. (Docs. 2 & 4). We directed service of the Petition on Respondents. (Doc. 4). Respondents[1] were ordered to show cause why the Petition should not be granted.

Response to the Petition, along with supporting Exhibits, were simultaneously filed by Respondents on May 1, 2009. (Doc. 8). Petitioner then filed a Traverse with Exhibits (Exs. 1 & 2)[2] on

---

[1] We note that the proper Respondent is the BICE Field Office Director with jurisdiction over the detention facility where Petitioner is located, namely Thomas Decker. (Doc. 8-2, Ex. C). Also, since Petitioner is an inmate at York County Prison, this Court has jurisdiction over his Petition. *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718, 2722 (2004) (habeas jurisdiction rests in the district of confinement).

[2] Petitioner's two Exhibits attached to his traverse are simply copies of Respondents' Doc. 8-2, Exs. E, p. 9 & H, p. 14.

May 14, 2009. (Doc. 9). The Petition is ripe for disposition.

**I. Background.**

The Petitioner is a native and citizen of Liberia who, according to Respondents' evidence, entered the United States on September 6, 2004, as an asylee deriving status from his mother. (Doc. 8-2, Ex. A). On December 20, 2006, Petitioner was convicted in Bucks County, Pennsylvania Court of Common Pleas of aggravated indecent assault on a person less than sixteen (16) years of age as well as corruption of minors and indecent assault (2counts). (Doc. 8-2, Ex. A, pp. 2-3). Petitioner was sentenced to prison for ten (10) to twenty three (23) months. (*Id.*). Petitioner was subsequently given Notice of Intent to issue a Final Order of Removal[3] pending revocation of his asylum status. (*Id.*). On October 26, 2007, upon Petitioner's release from Bucks County Correctional Institution, he was taken into BICE custody pending a removal determination. (Doc. 8-2, Ex. F, p. 10, ¶ 2)[4]. The evidence reveals that on November 19, 2007, the Petitioner was deemed deportable as an alien convicted of an aggravated felony pursuant to Section 237(a)(2)(A)(iii) of the INA and he was ordered administratively removed from the United States by BICE. (Doc. 8-2, Ex. C, p.7 & Ex. F, p. 10).

Petitioner contested removal and sought asylum by claiming that he had a fear of returning to Liberia (Doc. 8-2, Ex. B, p. 2), and his case was referred to the Newark Asylum Officer ("NAO"). (Doc. 8-2, Ex. F, p.10). On April 14, 2008, Petitioner was interviewed by the NAO and his case was referred to an Immigration Judge (IJ) for a reasonable-fear hearing. (*Id.*). On July 23, 2008, an IJ issued a decision denying Petitioner's claim for withholding of removal under the Convention Against Torture

---

[3] The October 16, 2007 Notice charged Petitioner as an aggravated felon under Section 237(a)(2)(A)(iii) of the Immigration and Naturalization Act ("INA"). (Doc. 8-2, Ex. B, p.4).

[4] We use the Respondents' numbers typed on the bottom of their Exhibits (Doc. 8-2, pp. 1-14) herein.

("CAT") and ordering him removed from the United States to Liberia.[5] (Doc. 8-2, Ex. E, p. 9 & ex. F, p. 10). Petitioner did not file an administrative appeal of his final removal order. (Doc. 1, p. 16). Thus Petitioner is subject to a final order of removal.

On August 26, 2008, BICE made a request to the Embassy of Liberia for the procurement of a travel document for the Petitioner. (Doc. 8-2, Ex. F, p. 10, ¶ 4). Follow-up inquiries indicate that issuance of a travel document for Petitioner is pending an interview with a representative from the Liberian Embassy. (*Id.*). BICE is currently working with the government of Liberia to effect the Petitioner's removal from the United States and expects that removal will occur in the reasonably foreseeable future. (Doc. 8-2, Ex. G, p.12, ¶ 3).

Petitioner was afforded a POCR on December 4, 2008, and again on January, 22, 2009. (Doc. 8-2, Ex. F and G). On each occasion, BICE issued a decision to continue detention and it determined that Petitioner posed a flight risk as well as a significant threat to the community and it was therefore found that Petitioner should remain detained pending his removal. (*Id.*) BICE based its findings on the Petitioner's stated criminal convictions of Aggravated Indecent Assault, two counts of Indecent Assault on a Person less than sixteen (16) Years of Age, and Sexual Contact with a Minor.[6] (*Id.*). In it's decisions, BICE also noted Petitioner's obligation to cooperate with the removal process as required by

---

[5] On April 16, 2008, at Petitioner's asylum hearing, the IJ vacated the decision of the immigration officer and placed Petitioner in a "withholding-only" proceedings. (Doc. 8-2, Ex. C & Ex. D, p.8). The IJ then issued an order on July 23, 2008, and he denied Petitioner's applications for withholding of removal and issued a final order of removal. (Doc. 8-2, Ex E, p. 9)

[6] It seems that the count of Contact/Communication with Minor, Sex Offense, in violation of 18 Pa.C.S.A., Section 6318 (A8), that was mentioned in the POCR decisions, was previously dismissed by the state court. (Doc. 8-2, Ex. A, p. 3). Petitioner's convictions for Corruption of Minors in violation of 18 Pa.C.S.A., Section 6301 (A1) and two counts of Indecent Assault on a Person Less than 16 Years of Age in violation of 18 Pa.C.S.A., Section 2126 (A8) were the correct bases for these decision. (Doc. 8-2, Ex. A, p.3).

3

Section 241(a)(1)(c) of the INA. (*Id.*).

On March 31, 2009, BICE served the Petitioner with a Warning for Failure to Depart due to the his continued failure to cooperate with the removal process. (Doc. 8-2, Ex. H, p.13)[7].

## II. Claims of Habeas Petition.

Petitioner claims his continued detention by BICE violates his Fifth Amendment due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (U.S. 2001), specifically, Petitioner states, "continued detention by the government violates 8 U.S.C. § 1231(a)(6), as interpreted in *Zadvydas*. Petitioner's 'ninety-day' statutory removal period and 'six' month preemptively reasonable period for continued removal efforts both have passed on February 19th, 2009." (Doc. 1, p. 9).[8]

Petitioner also claims that his POCR's were constitutionally insufficient based on a substantial bias on the part of BICE in favor of his continued detention. (Doc. 1, p.8).

As relief, the petitioner requests this Court to order his release from further detention. (*Id.*, p.24).

## III. Discussion.

Petitioner has been in BICE custody at the York County Prison since October 26, 2007. Petitioner remains in BICE custody to the present day. Petitioner states that he has been in post-final order removal detention since July 23, 2008, now for over eleven (11) months, and that his removal to Liberia in the reasonably foreseeable future is "extremely unlikely," and will "not occur in the near future." (Doc. 1, p. 23 & Doc. 9, p. 3). Petitioner concedes that he has been afforded "multiple" Post

---

[7] As noted, Petitioner attaches a copy of the checklist, regarding things he was required to do in order to assist with his removal, served on him by BICE along with its Warning. (Doc. 9, Ex. 2).

[8] In *Zadvydas*, 533 U.S. 678 at 701, the Court held that "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."

4

Order Custody Reviews and that he has received a Warning for Failure to Depart on March 31, 2009. (Doc. 9, p. 3). However, Petitioner states that this Warning was untimely. (*Id.*). Petitioner maintains that he has assisted BICE with efforts to procure a travel document for his removal. (Doc. 9, pp. 3-4).

Petitioner argues that his detention by BICE violates due process. Petitioner relies on the United State Supreme Court decision of *Zadvydas*, and he argues that his detention in excess of six (6) months while awaiting final removal by BICE is unconstitutional, and that the POCR process violates procedural and substantive due process. (Doc. 1, pp. 8-15). Respondents argue that while the Petitioner's post-final removal order detention exceeds the average detention period, continued detention is "reasonably necessary" under *Zadvydas* and therefore constitutional. (Doc. 8, p 5, ¶ 1). The Respondents assert that the Petitioner's Petition should be denied because his removal is imminent[9], he has been provided with adequate procedural protections[10], he has not provided the required evidence to support the contention that his continued detention violates due process[11], and his continued detention is reasonably necessary because he is a flight risk and poses a significant threat to the community. (Doc. 8, pp. 13-14).

*A. Zadvydas Claim, Claim I*

Title 8 U.S.C. § 1231(a) gives the Attorney General ninety (90) days to remove an alien from the

---

[9]*(See* Doc. 8, p. 11, ¶ 2). Respondent stating that "Liberia has not denied [the Petitioner] as a citizen, [BICE] expects that a travel document will be issued for [the Petitioner], and [the Petitioner's] removal will occur in the reasonably foreseeable future."

[10] *(See* Doc. 8, p.11, ¶ 3). Respondents indicating that "post-final order reviews have been, and will continue to be conducted by [BICE]."

[11] (*See* Doc. 8, pp. 6-7) Respondents cite to *Boncy v. Ashcroft*, 2006 U.S. Dist. LEXIS 77183, 2006 WL 2927288 (E.D.Pa. 2006)(holding that "[t]he six month presumption is merely a presumption, and Petitioner is required to produce some other evidence that his removal is unlikely to occur in the reasonably foreseeable future."), Respondents attach a copy of the *Boncy* decision as an Exhibit to their Response, Doc. 8-3.

United States after an order of removal. During this ninety (90) day period, detention is mandatory. 8 U.S.C. § 1231(a). At the end of the ninety (90) day period, BICE may continue to hold the alien, or it may grant supervised release. 8 U.S.C. §§ 1231(a)(3) & (6). The discretion to detain an alien under §1231(a) is limited by the Fifth Amendment's Due Process Clause. *See Zadvydas*, 533 U.S. at 692-92.

In *Zadvydas*, the United States Supreme Court interpreted §1231(a)(6) to include "an implicit limitation" on detention. *Id.* at 689. The Court determined that "[§1231(a)(6)], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. . . .[i]t does not permit indefinite detention." *Id.* "[F]or the sake of uniform administration in the federal courts," the Court recognized six [6] months as a presumptively reasonable period of detention. *Id.* at 701. Further, the Court determined that "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Respondents' evidence indicates that as of January, 22 2009, the Liberian Consulate has not denied the Petitioner as a citizen of Liberia, that BICE is working with the Government of Liberia to effect the Petitioner's removal from the United States, and that BICE expects that the Petitioner's "return [to Liberia] will occur in the reasonably foreseeable future." (Doc. 8-2, Ex. G, p. 12, ¶ 3). Petitioner makes the unsupported contention that he has met his burden under *Zadvydas* of providing good reason to believe that a travel document for him is not forthcoming, and that his removal is not foreseeable in the near future simply because he has not been removed since the issuance of his July 2008 final removal order and, since the Liberian Consulate has not issued a travel document for him to date, despite BICE's request for one. (Doc. 9, pp. 3-4). Petitioner also contends that since he has cooperated with the BICE

6

and a travel document has not been issued during his detention, this shows his removal is not reasonably foreseeable in the near future. (Doc. 9, p. 4). Contrary to Petitioner's unsupported assertion that his continued detention does not comport with due process (Doc. 1, pp. 11-12), the Respondents have, in fact, provided adequate evidence as to why BICE has not been able to remove him to Liberia as of yet (Doc. 8-2, Ex. F & Ex. G) and they have demonstrated that the Petitioner has not adequately cooperated with his removal. (Doc. 8-2, Exhibit H).

We find Petitioner offers no evidence to controvert the Respondents' evidence that the Liberian Government will issue a travel document in the reasonably foreseeable future for Petitioner to be repatriated. Moreover, Petitioner did not attach any exhibits to either his Petition or his Traverse supporting his claim that he helped to obtain his travel document. (Doc. 9, pp.3-4). "Zadvydas does not save an alien who fails to provide requested documentation to effectuate his removal." *United States ex rel. Kovalev v. Ashcroft*, 71 Fed. Appx. 919, 924 (3d Cir. Pa. 2003) (citing *Pelich v. INS*, 329 F. 3d 1057, 1060 (9th Cir. 2003)); *see also Akinsehinwa v. Donate*, 2008 U.S. Dist. LEXIS 57982 (M.D. Pa. 2008) ("It is well established that *Zadvydas* does not apply where a detainee who holds the keys to his freedom thwarts his removal by lying or refusing to cooperate with [B]ICE."), *Lema v. INS*, 2003 WL 22038390 at * 2 (9th Cir. 2003) (noting that if alien does not fully cooperate with officials to obtain his travel documents, then he cannot meet his burden to show that there is no significant likelihood of his removal in the reasonably foreseeable future).

Hence, we agree with Respondents (Doc. 8, p. 10) and we find that Petitioner has not met his burden to show that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *see also Akinwale v. Ashcroft*, 287 F. 3d 1050, 1052 (11th Cir. 2002) (Per Curiam) (recognizing that "in order to state a claim under *Zadvydas*

the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.").

Moreover, as discussed above, we find that Respondents have shown, via their undisputed evidence, that Petitioners removal will likely occur in the reasonably foreseeable future. (Doc. 8-2, Ex. F & Ex. G).

Thus, we will recommend that Petitioner's *Zadvydas* claim be denied.

### A. POCR Due Process Claim, Claim II

Following the *Zadvydas* decision, BICE enacted regulations, as Respondents point out (Doc. 8, p.9), that establish a custody review procedure. 8 C.F.R. 241.13. Section 241.13 "establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at §241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed . . . in the reasonably foreseeable future." 8 C.F.R. §241.13(a). Section 241.13(d) allows an alien to make a written request for release to BICE's Headquarters of Post-Order Detention Unit ("HQPDU"), "asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future." The HQPDU must consider all the facts of the case, including the history of the alien's efforts to comply with the order of removal, history of the government's efforts, and the likelihood of removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(f)-(g). Section 241.13(g) requires the HQPDU to issue a written decision regarding the likelihood of removal in the reasonably foreseeable future under the circumstances and the alien must receive a copy.

8

As previously mentioned, the Petitioner received a POCR on December 4, 2008, and again on January, 22, 2009. Both custody reviews appear to be file reviews, not hearings. The first of these reviews took place five (5) months after the Petitioner's final order for removal was issued (i.e. July 23, 2008). In its December 2008 decision, BICE informed the Petitioner that his custody would be continued based on his failure to provide documentation identifying any family or community ties, on his failure to cooperate with BICE, and on his uncontested prior criminal history, which includes his convictions for Aggravated Indecent Assault and two (2) counts of Indecent Assault on a Person less than sixteen (16) Years of Age. (Doc. 8-2, Ex. F). BICE noted that the Petitioner failed to provide any evidence that he does not pose a threat to society or that he is not a flight risk. (Doc. 8-2, Ex. F, p.10, ¶ 5)[12].

In January 2009, BICE once again deemed Petitioner to be a flight risk and significant threat to society (with the same reasoning as the previous review) and, it was determined that he remain in BICE custody. (Doc. 8-2, Ex. G, p. 12). Notably, Petitioner was informed that he is not precluded from bringing forth evidence in the future to challenge his continued detention. (Doc. 8-2, Ex. G, p. 12, ¶ 4).

Petitioner acknowledges his criminal convictions and presents no evidence other than his unsubstantiated assertion to demonstrate his cooperation with BICE on effecting his removal. (Doc. 9, pp.4-5). Thus, we find no merit to Petitioner's contention (Doc. 9, p. 5-6) that BICE did not properly consider his criminal history and his cooperation in its custody reviews. We also find that BICE had ample evidence to conclude that Petitioner was indeed a threat to the community based on his criminal

---

[12] We find the Petitioner did not provide any evidence to this Court showing that he is not a threat to society and that he is not a flight risk. Respondents' evidence shows that Petitioner failed to cooperate with BICE. (Doc. 8-2, Ex. F). Also, while Petitioner identifies in his Habeas Petition (Doc. 1, p. 16) various family members living in the United States, there is no evidence that Petitioner was prevented from providing this information to BICE during his POCR's.

9

history.[13]

Based on the record, we agree with Respondents' contention that Petitioner's claim of bias in the POCR process is without merit. (Doc. 8, p. 12). Petitioner's conclusionary allegation that "[t]here is no administrative mechanism in place for the petitioner to obtain a decision from a neutral arbiter or appeal a custody decision . . . ." (Doc. 1, p.8), is insufficient to support his stated due process claim. In *Marcello v. Bonds*, 349 U.S. 302, 311 (1955), the Supreme Court observed that:

> [A] contention [of bias] is without substance when considered against the long-standing practice in deportation proceedings, judicially approved in numerous decisions in the federal courts, and against the special considerations applicable to deportation which the Congress may take into account in exercising its particularly broad discretion in immigration matters.

Insofar as Petitioner claims that he is entitled to "a timely and meaningful opportunity to demonstrate that he should not be detained" (Doc. 1, p.8, ¶ 1), the record in this case undisputedly demonstrates that Petitioner has thus far received two such custody reviews from BICE where he was afforded the opportunity to show that his removal was not possible in the reasonably foreseeable future and to show that he is taking positive measures to facilitate his removal. (8-2, Ex. F & G). Petitioner was also given the opportunity to show that he was not a danger to society and that he was not a flight risk. We also find no evidence that Petitioner's custody status was not made in a neutral and impartial manner. Moreover, Respondents' evidence shows that jurisdiction of Petitioner's custody decision was transferred to HQPDU for a final determination and that Petitioner will have the opportunity to challenge his continued detention by introducing evidence into the review process. (*Id.*). Additionally, Petitioner

---

[13] *See Dennis v. Bureau of Immigration & Customs Enforcement*, 426 F. Supp. 2d 252, 258 (M.D. Pa. 2006) (finding that BICE's consideration of Petitioner as an aggravated felon serves as "ample evidence" to justify a PROC finding that Petitioner is a danger to the community).

10

has been provided with detailed instructions on how to show HQPDU his willingness to assist BICE in obtaining his travel document, during his future custody determination (8-2, Ex. G, p. 14) and, as indicated, Petitioner attaches this checklist to his Traverse. (Doc. 9, Ex. 2). Finally, we agree with the Respondents that "[t]o the extent that [Petitioner] asserts that he is precluded from challenging the legality of a custody determination, his instant Petition [for Writ of Habeas Corpus] and this review process pursuant to 28 U.S.C. § 2241 belie his assertion. " (Doc. 8, p. 14).

Essentially, Petitioner had and continues to have the opportunity to raise and submit evidence to support all of his claims that he should be released from custody during his custody review. As discussed, Petitioner has yet to avail himself of this opportunity. BICE appropriately relied upon Petitioner's December 2006 aggravated felony conviction with a minor victim and upon his lack of cooperation with respect to its determination Petitioner was a flight risk and a danger to the community. Petitioner has offered no evidence to show that BICE's POCR process is biased. Thus, we find no merit to Petitioner's second claim that the POCR process violates procedural and substantive due process.

## IV. Recommendation.

Based upon the foregoing, it is respectfully recommended that Petitioner Robinson's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

**THOMAS M. BLEWITT**

**United States Magistrate Judge**

Dated: July /, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ARCHIBALD ROBINSON, | : | CIVIL ACTION NO. **1:09-CV-00637** |
|---|---|---|
| Petitioner | : | (Judge CALDWELL) |
| v. | : | (Magistrate Judge Blewitt) |
| DISTRICT DIRECTOR for ICE, DHS, | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated July 1, 2009.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the

portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *Defendant novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

<u>s/ Thomas M. Blewitt</u>

**THOMAS M. BLEWITT**

**United States Magistrate Judge**

Dated: July /, 2009